IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| VIOLA LAIRD, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) Civil Action No. 1:17-cv-1408 ) ) ) |
| FAIRFAX COUNTY VIRGINIA, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgement.

This case arises from Plaintiff Viola Laird's employment with Fairfax County, Virginia ("County"). Laird has been employed by the County since October 3, 1994. She suffers from Multiple Sclerosis. Until May 14, 2017, Laird was employed with the County's Department of Procurement and Material Management ("DPMM"), most recently as a Contract Specialist I. In that role, her job responsibilities included determining the proper methods of procurement; processing purchase orders to procure necessary supplies, equipment and services in accordance with federal, state and county rules and regulations; developing competitive solicitation packages, including invitations for bids, informal procurement, and requests for proposals; conducting conferences,

including pre-bid conferences; monitoring vendor performance; administering contracts; and coordinating with the agency to determine the low, responsive, and responsible bidder or best value proposal and making recommendations for contract award.

Beginning in 2014 after Laird became disabled with multiple sclerosis, DPMM provided her with physical accommodations and the ability to telework. At some point in 2015 or 2016, DPMM supervisors decided Laird's telework hours were unsustainable due to the nature of her job. At that time, Laird was allowed 16 hours of telework which would be scheduled and pre-approved by a supervisor. The new arrangement did not meet the needs of Laird. DPMM director and Laird discussed trying to find her another position within the County. Ultimately, Laird decided to try the modified schedule for telework. She continued to be unhappy with the arrangement.

In December 2016, Laird filed a complaint of discrimination against the County with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination by DPMM personnel based on her disability. Laird alleged that from 2014 to 2016, the County failed to provide her with a reasonable accommodation for her disability. The parties entered into a settlement agreement on May 14, 2017. As part of the settlement agreement, Laird agreed to be transferred to a new position. The agreement stated: "The County agrees to provide…a lateral transfer within the County to the

Fairfax County Police Department (FCPD) to the position of Buyer I, where she will maintain her pay grade, position within the salary band, and opportunity for future promotion." Additionally, Laird could "use up to 16 hours of flexible telework time each 40-hour work week as a reasonable accommodation for" her disability. Laird also accepted $30,000 as part of the settlement agreement.

Major O'Carroll, then a bureau commander for the Police Department, generally knew that Laird's transfer was due to an EEOC settlement agreement but was not aware of the details of the EEOC case. O'Carroll agreed to accommodate Laird's disability arrangement, including 16 hours of telework. He willingly accepted Laird to his team, taking the position from DPMM and reclassifying it.

Laird began working at the Police Department in the Quartermaster Section on May 30, 2017. The Quartermaster section is responsible for the procurement and supply to department personnel of equipment and uniforms for approximately 2,000 department employees. The position description created for Laid by the Department provides that Laird was to "assist Quartermaster with the acquisition, solicitation, negotiations, award and contract administration for non-standard parts, inventory items, materials, public safety equipment, uniforms, and all mission critical supplies in direct support of the Fairfax County Police Department." In August 2017, Laird complained to her supervisors

that she was not performing the duties in the job description because the duties in her job description were not actually performed in the Quartermaster Section. The record indicates Laird's position at that time was a Management Analyst I, rather than a Buyer I. In response to Laird's complaint, the County changed the position description to remove the duties that were not actually performed in the section and changed Laird's title from Management Analyst to Buyer I.

Since the change in job description and title, Laird claims she still has not been assigned sufficient duties to keep her occupied and spends most of the day without work. Laird claims the work she is assigned is not commensurate with her skills or pay grade, and she is often assigned the same work as employees in lower classifications.

Laird filed suit in this court on December 8, 2017, alleging 1) discriminatory constructive demotion in violation of the Americans with Disabilities Act ("ADA"); and 2) retaliatory constructive demotion in violation of the ADA. Specifically, as to count I, Laird alleges the County constructively demoted her because of her disability, and as a direct and proximate result of the discrimination, she suffered injuries. As to count II, Laird alleges she was retaliated against because she pursued an EEOC charge of discrimination against the County for discrimination

based on her disability. Upon completion of discovery, the County filed its Motion for Summary Judgement.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). This case is ripe for summary judgment.

The ADA prohibits employers from discriminating against a "qualified individual on the basis of disability." Young v. United Parcel Serv., Inc. 707 F.3d 437, 443 (4th Cir. 2013). The Supreme Court's decision in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), set forth a burden-shifting framework that a plaintiff must satisfy to prove unlawful discrimination where there is no direct evidence of discrimination. The plaintiff must first establish a prima facie case of discrimination, and then the burden of production shifts to the employer to provide a legitimate, non-discriminatory explanation for the employment decision at issue.

5

See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once the employer has done so, the burden of production shifts back to the plaintiff to demonstrate that the employer's explanation is merely pretextual. Id.

To establish a prima facie case of discrimination under the ADA, plaintiff must show that 1) she had a disability as defined in the ADA; 2) she was a "qualified individual"; and 3) her employer took an adverse action against her because of her disability. Young, at 443. There is no dispute that Plaintiff has a disability as defined in the ADA, and she is a "qualified individual" under the law. However, Plaintiff has failed to state a prima facie case of discrimination because the evidence is insufficient as a matter of law to support her arguments that she was subject to an adverse employment action, or that an adverse employment action occurred because of her disability.

An adverse employment action includes "any retaliatory act or harassment, if, but only if, that act or harassment results in an adverse effect on the 'terms, conditions, or benefits' of employment." VonGunten v. Md., 243, F.3d 858, 866 (4th Cir. 2001). The fact that a new job assignment or duties is less appealing to the employee does not constitute an adverse employment action. Id. at 868. In Title VII cases alleging reassignment as the basis of the claim, the plaintiff must show that the reassignment had some significant detrimental effect. See Boone v. Goldin, 178 F.3d 253,

6

256 (4th Cir. 1999). The Fourth Circuit stated in Boone that "Absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." Id.

Laird alleges that she was constructively demoted, which if proven, would constitute an adverse employment action. See Cuffee v. Tidewater Cmty. Coll., 409 Supp. 2d 709, 717 (E.D.V.A. 2006) aff'd, 194 F.Appx. 127 (4th Cir. 2006). The Fourth Circuit has not addressed the question of whether a claim for constructive demotion should be recognized under Title VII but other Courts of Appeals have recognized constructive demotion as an extension of constructive discharge, finding that the same standards apply. See id. (citing Fenny v. Dakota, Minn., and E.R.R. Co., 327 F.3d 707, 717 (8th Cir. 2003); Simpson v. Borg-Warner Auto., Inc., 196 F.3d 878, 876 (7th Cir. 1999); Sharp v. City of Houston, 164 F.3d 923, 933-34 (5th Cir. 1999)). Using that standard, Laird must prove: "1) deliberateness of the employer's action"; and ii) "intolerability of the working conditions." See Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985). Deliberateness is the plaintiff's burden to prove and is established by "proof of the employer's specific intent to force her to leave." Id. Actual evidence of intent by the employer to drive the employee from the

job or circumstantial evidence of such intent, which include actions that single out a plaintiff for differential treatment, may be used to demonstrate the intent of the employer to force an employee to leave the job. See Johnson v. Shalala, 991 F.2d 126, 131 (4th Cir. 1993). In Bristow, the Fourth Circuit stated that if "all employees are treated identically, no particular employee can claim that difficult working conditions signify the employer's intent to force that individual to resign." Bristow at 1255.

Laird alleges she was constructively demoted when she was transferred to the Quartermaster Section and not given sufficient work to do, and the work she was given was not commensurate with her skill level. Laird cannot prove either essential element to her constructive demotion claim. There is no evidence of specific intent on behalf of the County to force her to leave her job. Laird has not been singled out for differential treatment. To the contrary, the County worked to create a new position for her in the Police Department, where other employees are treated similarly to her. Furthermore, Laird was transferred to this particular job as part of a settlement agreement which she willingly agreed to. The facts are not sufficient for Laird to prove she was constructively demoted.

In addition, Laird cannot show that her reassignment and change of job duties constituted an adverse employment action outside of the context of a constructive demotion claim. When Laird

was transferred to the Quartermaster Section, her compensation and opportunity for promotion remained the same. Her current job title is Buyer I, which is what she agreed to in the settlement agreement and is comparable to her prior position as a Contract Specialist I. Her official job description indicates that her level of responsibility was not reduced. Additionally, it is significant to note that Laird affirmatively agreed to be transferred to the Police Department as a Buyer I. The fact that Laird found her new role and responsibilities to be less appealing does not constitute an adverse employment action. See James, at 376. Additionally, Laird has not been subject to any negative comments, actions, or evaluations since her transfer. There is insufficient evidence in this case for a reasonable jury to find Laird suffered an adverse employment action under the ADA. Consequently, Laird's claim of constructive demotion in violation of the ADA should be dismissed.

In count II of the complaint, Laird alleges a claim of retaliation under the ADA. Plaintiff must first state a prima facie case of retaliation. If she does so successfully, then the burden shifting framework under McDonnell Douglas applies. To state a prima facie case of retaliation under the ADA, Plaintiff must demonstration that 1) she engaged in a protected activity; 2) her employer took an adverse employment action against her; and 3) that a causal connection existed between the protected activity and the asserted adverse action. See Lewis v. Gibson, 621 Fed.

9

App'x. 163, 165 (4th Cir. 2015). As this court concluded in count I, the evidence in the case fails to establish there was an adverse employment action taken against Laird. Even if there was an adverse action taken against Laird, there are insufficient facts to find a causal connection between the protected activity and the asserted adverse action. The Fourth Circuit has held that "a causal connection exists where the employer takes an adverse employment action against an employee shortly after learning of the protected activity." Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004).

In this case, Laird's alleged protected activity is her participation in her EEOC charge in 2016 and her alleged adverse action is her reduced job responsibilities as a Buyer I in the Quartermaster Section of the FCPD. As the Court noted, Laird's transfer was the result of a consensual settlement agreement by the parties. The facts show the people involved in assigning Laird job tasks at the FCPD were unaware that she filed an EEOC claim except for one supervisor, who did not know the details of the EEOC claim and had not seen the Settlement Agreement. Laird has not presented evidence sufficient to show that her supervisors learned of her settlement agreement and shortly thereafter reduced her job duties. There is simply not enough evidence to support Laird's claim that her reduction in job duties in her new role is causally connected to her filing her EEOC claim. Therefore, Laird's claim for retaliation should be dismissed.

For the foregoing reasons, this Court finds that summary judgment should be granted in favor of Defendant. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 4, 2018